UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERESA MARTINEZ,**

    Petitioner,

-vs-                                        Criminal Case No.  8:02-CR-19-T-27EAJ

**ALBERTO GONZALES, et al.,**

    Respondents.
_____/

## ORDER

This matter is before the Court upon Petitioner's Habeas Corpus Petition Pursuant to the Original Habeas Corpus and Request for Dismissal of the Indictment and Conviction and Request for Declaratory Judgment (Dkt. 546).[1] Petitioner challenges the legality of her conviction and sentence.

## Background

Petitioner was charged in six counts of a fifty-five count Indictment with conspiracy to commit Medicaid and Medicare fraud (Count 1) in violation of 18 U.S.C. § 371 and five counts of submitting false claims to Medicaid and Medicare (Counts 4, 15, 16, 21 and 23) in violation of 18 U.S.C. § 287. Following a jury trial, Petitioner was found guilty on Counts 1, 4, 15, 21 and 23 and not guilty on Count 16. Petitioner was sentenced to a term of imprisonment of fifty-one months on each count to run concurrently, followed by three years of supervised release, a fine in the amount of $2,579,069.00 and a $200.00 special monetary assessment. Petitioner filed a direct appeal. The United States Court of Appeals for the Eleventh Circuit affirmed her convictions on March 5, 2004 (Dkt. 518). *See United States v. Martinez*, 99 Fed.Appx. 880 (Table) (11th Cir. 2004). Petitioner filed the instant civil action

---

[1] To the extent that the instant petition was not filed as one brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255, this matter was docketed in Petitioner's underlying criminal case. Accordingly, references to the docket cited herein refer to the criminal case.

on September 12, 2006.[2]

In her pleading, Petitioner contends that the district court had no jurisdiction to convict her and therefore her convictions and sentence are illegal. She claims to bring this action pursuant to the "original habeas corpus" and not as a motion or petition pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241, as those statutes are "nullities" that were "never enacted into positive law and are unconstitutional on their face." Petitioner asserts that Public Laws 80-772 and 80-773, as well as 18 U.S.C. § 3231 are likewise unconstitutional and are null and void ab initio. She also claims that the last valid habeas statute, 28 U.S.C. § 451, was repealed thereby making it a nullity. Additionally, Petitioner argues she is actually innocent of the crimes for which she was convicted and that her attorney was ineffective in various ways.

### Discussion

As a threshold matter, the Court must evaluate the nature of Petitioner's pleading. It appears from the text of the pleading that Petitioner is challenging the validity of her conviction and sentence. Petitioner attempts to present her claims pursuant to 28 U.S.C. § 451 (1940).[3] In 1940, § 451 provided authority for the district courts to issue a writ of habeas corpus. *See Walker v. Johnson*, 312 U.S. 275, 283, 61 S.Ct. 574, 578, 85 L.Ed. 830 (1941) ("the statutes of the United States declare that ... the district courts shall have power to issue writs of habeas corpus"). The current version of § 451 provides definitions for terms relating to Title 28, Judiciary and Judicial Procedure, and does not provide a

---

[2] *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (*pro se* prisoner's § 2255 motion is deemed filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it); *see also Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999) (*pro se* prisoner's motion to vacate is deemed filed the date it is delivered to prison authorities for mailing).

[3] Petitioner contends that 28 U.S.C. § 451 (1940) is the "last valid habeas statute." She does note, however, that this statute was repealed and to the extent that it is "part of the fraudulent enactment of Public Law 80-773, it too is a nullity." (Dkt. 546, p. 6). Notwithstanding, because she clearly states that this matter is not one brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255 and given that she provides no other basis upon which she can bring this action, the Court will first consider her petition pursuant to 28 U.S.C. § 451 as presented.

statutory basis for a cause of action. *See* 28 U.S.C. § 451; *Jones v. Unknown Warden*, 2006 WL 389833 at *1 (E.D. Mo. 2006). As such, the Court is without jurisdiction to entertain the instant action as currently framed. *Id.* Therefore, to the extent that Petitioner seeks relief pursuant to a writ of habeas corpus, the Court will evaluate Petitioner's pleading under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, 381-82, 124 S.Ct. 786, 791-92, 157 L.Ed.2d 778 (2003) (federal courts may recharacterize a *pro se* litigant's motion to avoid unnecessary dismissal or to create a better correspondence between the substance of the motion and its underlying legal basis) (internal citations omitted).

Generally, a § 2241 petition is used to challenge the manner in which a sentence is executed. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (citation omitted). Alternatively, a motion filed pursuant to § 2255 is the primary means by which a petitioner may attack the validity of her conviction or sentence. However, under the "savings clause" of § 2255,[4] a petitioner may file a § 2241 petition if she can demonstrate that an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of her detention. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003); *see also Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999). The savings clause applies when (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision established that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit court law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal,

---

[4] The "savings clause" provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

3

or first § 2255 motion. *Sawyer*, 326 F.3d at 1365 (*citing Wofford*, 177 F.3d at 1244). All three criteria must be satisfied in order for a petitioner to proceed under the savings clause. *Flores v. McFadden*, 152 Fed.Appx. 913, 914 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 2342 (2006). The burden of demonstrating inadequacy or ineffectiveness of a § 2255 motion rests on the petitioner. *Jeffers*, 253 F.3d at 830.

In the instant case, a review of the docket shows that Petitioner has not filed a § 2255 motion.[5] Accordingly, because she has not pursued her available remedies through the proper procedural channels and afforded the sentencing court an opportunity to evaluate any of the claims she attempts to present in the instant pleading, she cannot demonstrate that § 2255 in an adequate or ineffective remedy such that she would be permitted to proceed under § 2241. *See Flores*, 152 Fed.Appx. At 914; *Jeffers*, 253 F.3d at 830. Given this and the fact that Petitioner's claims challenge the validity of her underlying conviction and sentence, her claims would be cognizable, if at all, in a § 2255 motion. However, prior to the Court construing Petitioner's instant *pro se* pleading as a § 2255 motion, it must apprise Petitioner of the potential consequences of doing so. *See Castro*, 540 U.S. at 383, 124 S.Ct. at 792 (before recharacterizing a *pro se* litigant's motion as an initial § 2255 motion, the district court must warn the movant of its intent to do so and provide an opportunity to withdraw or amend the motion).

Petitioner is hereby advised that if the Court considers her pleading pursuant to § 2255, she is likely to be barred in the future from filing a second or successive motion under § 2255. The AEDPA prohibits federal prisoners from attacking their convictions through successive habeas corpus petitions

---

[5] Petitioner did file a "Motion for Relief of Sentence for Lack of Enactment of Title 18, Subject Matter, Territorial Jurisdiction, Unqualified Grand Jury, Inspection of Jury List" (Dkt. 544) on July 18, 2006 in which she appears to have sought release from custody. By order entered on July 20, 2006 this Court denied Petitioner's motion as patently frivolous (Dkt. 545). Petitioner's motion was not construed as a § 2255 motion and she has not filed any other post-conviction motion that has been construed as such.

except under a few limited circumstances.[6] Thus, Petitioner has three options: (1) she may have the Court rule on the instant petition as filed; or (2) she may have the Court recharacterize her petition as a motion to vacate pursuant to 28 U.S.C. § 2255 and show cause why the petition should not be dismissed as untimely; or (3) she may withdraw the instant petition.

Title 28, United States Code, Section 2255 provides the framework for reviewing a federal prisoner's sentence under four circumstances: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988). Generally, only constitutional claims, jurisdictional claims and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable in a § 2255 motion for relief. *See United States v. Addonizio*, 442 U.S. 178, 184-86, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

---

[6] Specifically, § 2255 provides in relevant part:

A second or successive motion must be certified as provided by section 2244 by a panel of the appropriate court of appeals to contain -

(1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, amended § 2255 and established a one year limitation period for motions filed pursuant to § 2255. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, § 2255 provides that the one year limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner was convicted on January 31, 2003 and was sentenced on April 14, 2003 (Dkt. 366, 417). She filed a direct appeal in the United States Court of Appeals for the Eleventh Circuit which affirmed her convictions on March 5, 2004 (Dkt. 518). *See United States v. Martinez*, 99 Fed.Appx. 880 (Table) (11th Cir. 2004). Petitioner did not petition the United States Supreme Court for a writ of certiorari. Thus, her petition became final on June 3, 2004 after entry of the appellate court's judgment affirming her convictions.[7] Accordingly, she had until June 3, 2005 in which to file a timely § 2255 motion. Petitioner did not file the instant civil action until September 12, 2006 (Dkt. 546). Pursuant to the limitation period outlined in § 2255, it appears that if Petitioner's pleading is construed as a motion to vacate pursuant to § 2255, it is time barred. Notwithstanding, prior to the Court dismissing her petition should she elect to pursue her claims under § 2255, Petitioner shall show cause why her motion should

---

[7] When a defendant does not file a petition for writ of certiorari with the United States Supreme Court, her convictions become "final" for purposes of 28 U.S.C. § 2255 upon expiration of the ninety day period for seeking certiorari review. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

not be dismissed as untimely.[8]

Accordingly, is hereby **ORDERED AND ADJUDGED** that:

1. Within twenty (20) days of the date of entry of this Order, Petitioner shall advise the Court under which of the three options she wishes to pursue for the Court to consider the instant civil action. If Petitioner fails to select an option, the Court will proceed to resolve the motion as filed and will not recharacterize it as a § 2255 motion to vacate;

2. If Petitioner elects to have the Court consider the instant petition as a motion to vacate pursuant to § 2255, she shall show cause, within twenty (20) days of the date of entry of this Order, why her motion should not be dismissed as untimely; and

3. Upon the filing of Petitioner's response to this Order, Respondent shall have twenty (20) days from that date to file its response to Petitioner's motion.

**DONE AND ORDERED** in Tampa, Florida, on October 18th, 2006.

/s/ James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

SA:kaw

Copies to:
*Pro Se* Petitioner
United States Attorney

---

[8] *See Day v. McDonough*, __ U.S. __, 126 S.Ct. 1675, 1684 (April 25, 2006) (district courts may consider *sua sponte* the timeliness of a state inmate's habeas petition but must accord the parties fair notice and an opportunity to present their positions); *see also Gay v. United States*, 816 F.2d 614, 616, n. 1 (11th Cir. 1987) (stating that the principles developed in § 2254 habeas cases also apply to § 2255 motions) (citation omitted).