UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.  Criminal Case No. 8:02-CR-19-T-27EAJ

TERESA MARTINEZ
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Habeas Corpus Petition Pursuant to the Original Habeas Corpus and Request for Dismissal of the Indictment and Conviction and Request for Declaratory Judgment (Dkt. 546), Petitioner's Motion to Respond to Original Habeas Corpus Dismissal of the Indictment and Conviction for Declaratory Relief (Dkt. 550) and the Government's Response in Opposition to Petitioner's Habeas Corpus Petition (Dkt. 553).

Upon consideration, Petitioner's Habeas Corpus Petition Pursuant to the Original Habeas Corpus and Request for Dismissal of the Indictment and Conviction and Request for Declaratory Judgment (Dkt. 546) is DENIED. As filed, the Petition presents no basis for subject matter jurisdiction. If construed as a motion filed pursuant to 28 U.S.C. § 2255, the Petition is time barred and Petitioner has not established a basis for equitable tolling.

### Background[1]

Petitioner was charged in six counts of a fifty-five count Indictment with conspiracy to commit Medicaid and Medicare fraud (Count 1) in violation of 18 U.S.C. § 371 and five counts of submitting false claims to Medicaid and Medicare (Counts 4, 15, 16, 21 and 23) in violation of 18

---

[1] The summary of background facts and proceedings is restated from this Court's Order which was entered after a preliminary review of the Petition (Dkt. 547).

U.S.C. § 287. Following a jury trial, Petitioner was found guilty on Counts 1, 4, 15, 21 and 23 and not guilty on Count 16. Petitioner was sentenced to a term of imprisonment of fifty-one months on each count to run concurrently, followed by three years of supervised release, a fine in the amount of $2,579,069.00 and a $200.00 special monetary assessment. Petitioner's convictions were affirmed on March 5, 2004 (Dkt. 518). *See United States v. Martinez*, 99 Fed.Appx. 880 (Table) (11th Cir. 2004). Petitioner filed the instant petition on September 12, 2006.[2]

In her Petition, Petitioner contends that the district court had no jurisdiction to convict her and therefore her convictions and sentence are illegal. She claims to bring this action pursuant to the "original habeas corpus and not as a motion or petition pursuant to 28 U.S.C. § 2255 (1948) or 28 U.S.C. § 2241 (1948)" (Dkt. 546, pp. 3, 7). She contends that those statutes are "nullities," "never existed" and were "never enacted into positive law and are unconstitutional on their face" (Dkt. 546, pp. 2-3, 7). Petitioner asserts that Public Laws 80-772 and 80-773, as well as 18 U.S.C. § 3231 are likewise unconstitutional and are "null and void ab initio, from the beginning." (Id.) She also contends that "the last valid habeas statute," 28 U.S.C. § 451, was repealed thereby making it a nullity (Dkt. 546, p. 6). Additionally, Petitioner argues she is actually innocent of the crimes for which she was convicted and that her attorney was ineffective in various ways. (Id., p. 3-4).

This Court undertook a preliminary review of the Petition and determined that the Petition should be construed as a motion filed pursuant to 28 U.S.C. § 2255 (Dkt. 547). Petitioner was given notice of the consequences of her Petition being construed as a § 2255 motion and notified of three

---

[2] *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (*pro se* prisoner's § 2255 motion is deemed filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it); *see also Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999) (*pro se* prisoner's motion to vacate is deemed filed the date it is delivered to prison authorities for mailing).

options available to her in that regard, in accordance with *Castro v. United States*, 540 U.S. 375, 383 (2003). (Id., p. 4-5). Petitioner was expressly advised that her Petition would likely be time barred if construed as a § 2255 motion. (Id., p. 6). Accordingly, Petitioner was directed to advise the Court under which of the three options she wished to pursue, and that if she failed to elect an option, her motion would be recharacterized as a § 2255 motion to vacate. If Petitioner selected to have her Petition construed as a § 2255 motion, she was directed to show cause why it should not be dismissed as time barred. (Id., p. 7).

In her response to that Order, Petitioner confirmed that she "challenges the legality of her conviction and sentence" (Dkt. 550, p. 1-2). Petitioner indicated that she "wish to pursue the Option of having the Court to rule on the instant petition as filed." (Id., p. 6). Accordingly, this Court will consider the petition "as filed," in accordance with Petitioner's expressed request.

## Discussion

As filed, the Petition asserts jurisdiction pursuant to "the original habeas corpus" and "the last valid habeas statute." 28 U.S.C. § 451 (1940) (Dkt. 546, p. 6).[3] In 1940, § 451 provided authority for a district court to issue a writ of habeas corpus. *See Walker v. Johnson*, 312 U.S. 275, 283 (1941) ("the statutes of the United States declare that . . . the district courts shall have power to issue writs of habeas corpus"). The current version of § 451 provides definitions for terms relating to Title 28, Judiciary and Judicial Procedure, and does not provide a statutory basis for a cause of action. *See* 28 U.S.C. § 451; *Jones v. Unknown Warden*, 2006 WL 389833 at *1 (E.D. Mo. 2006).

---

[3] Petitioner contends that 28 U.S.C. § 451 (1940) is the "last valid habeas statute." She does note, however, that this statute was repealed and to the extent that it is "part of the fraudulent enactment of Public Law 80-773, it too is a nullity." (Dkt. 546, p. 6). Notwithstanding, because she clearly states that this matter is not one brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255 and given that she provides no other basis upon which she can bring this action, the Court will consider her petition as filed pursuant to 28 U.S.C. § 451, as Petitioner requests.

As such, the Court is without jurisdiction to entertain the instant action as framed. *Id.* Notwithstanding, in this unusual circumstance, the Petition will be construed as a § 2255 motion to vacate, and its timeliness will be addressed.

Given Petitioner's misguided jurisdictional contentions, and that she has expressly disclaimed any reliance on 28 U.S.C. § 2255, summary dismissal should be the result. However, since Petitioner is collaterally attacking her sentence as violating the United States Constitution, the proper avenue of relief is § 2255 and her Petition should be construed as a § 2255 motion. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (duty to liberally construe pro se litigant's assertions to discern whether jurisdiction can be founded on a legally justifiable basis). Accordingly, the Petition will be evaluated pursuant to 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. at 381-82 (federal courts may recharacterize a *pro se* litigant's motion to avoid unnecessary dismissal or to create a better correspondence between the substance of the motion and its underlying legal basis) (internal citations omitted).[4]

A motion pursuant to § 2255 is the primary means by which a petitioner may collaterally attack the validity of her conviction and sentence. Generally, only constitutional claims, jurisdictional claims and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable in a § 2255 motion for relief. *See United States v. Addonizio*, 442 U.S. 178, 184-86 (1979). Although under the "savings clause" of § 2255, a petitioner may file a § 2241 petition if she demonstrates that an otherwise available remedy under § 2255 is inadequate or

---

[4] Petitioner's contention that §§ 2241 and 2255 "are nullities, were never enacted into positive law, are unconstitutional on their face, and are null and void ab initio" (Dkt. 546, pp. 2, 51-62) is frivolous.

ineffective to test the legality of her detention, *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003); *see also Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999), Petitioner has not established that a remedy under § 2255 is inadequate or ineffective to test the legality of her detention.[5]

### Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, amended § 2255 and established a one year limitation period for motions filed pursuant to § 2255. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, § 2255 provides that the one year limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner was convicted on January 31, 2003 and was sentenced on April 14, 2003 (Dkts. 366, 417). Her convictions were affirmed on appeal on March 5, 2004 (Dkt. 518). *See United States v. Martinez*, 99 Fed.Appx. 880 (Table) (11th Cir. 2004). Petitioner did not seek certiorari review. Her convictions became final on June 3, 2004, when the time for filing for certiorari review expired.

---

[5] The savings clause applies when (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision established that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit court law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. *Sawyer*, 326 F.3d at 1365 (*citing Wofford*, 177 F.3d at 1244). All three criteria must be satisfied in order for a petitioner to proceed under the savings clause. *Flores v. McFadden*, 152 Fed.Appx. 913, 914 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 2342 (2006).

*Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002). Accordingly, she had until June 3, 2005 to file a timely § 2255 motion. Petitioner filed the instant Petition on September 12, 2006 (Dkt. 546), more than a year after the one year limitation period expired. The Petition is therefore time barred and subject to dismissal unless Petitioner can show that she was prevented from filing a timely petition because of extraordinary circumstances that were both beyond her control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (Equitable tolling appropriate when movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.). The burden of establishing entitlement to this extraordinary remedy plainly rests with the Petitioner. *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002), *cert. denied*, 537 U.S. 1237 (2003).

Here, Petitioner does not even attempt to establish an arguable basis for equitable tolling of the limitation period.[6] In the Court's order entered after preliminary review of the Petition, Petitioner was directed to show cause why her construed § 2255 motion should not be dismissed as time barred (Dkt. 547, p. 7). In her response, Petitioner did not address whether her Petition was time barred or whether there were circumstances beyond her control which prevented her from filing a timely motion. Moreover, this Court gleans nothing from the allegations of the Petition which would arguably support equitable tolling.

In the Petition, Petitioner contends that she is actually innocent (Dkt. 546, p. 4). Actual innocence, however, does not support equitable tolling of the applicable limitation period. *See Taylor*

---

[6]*See Day v. McDonough,* 547 U.S. 198 (2006) (district courts may consider *sua sponte* the timeliness of a state inmate's habeas petition but must accord the parties fair notice and an opportunity to present their positions); *see also Gay v. United States,* 816 F.2d 614, 616 n. 1 (11th Cir. 1987) (stating that the principles developed in § 2254 habeas cases apply to § 2255 motions) (citation omitted).

*v. Secretary, Dept. of Corrections,* 230 Fed. Appx. 944 (11th Cir. 2007)([W]e have never held that there is an "actual innocence" exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because Taylor has failed to make a substantial showing of actual innocence.").[7]

Even if a claim of actual innocence might support a tolling of the limitation period, Petitioner does not make a factual claim of actual innocence. Rather, in what appears to be a form *pro se* petition, mentioning Petitioner's offense and conviction only parenthetically, she contends that the statute vesting jurisdiction in this Court is void (Issue One), that the penalty provisions of 21 U.S.C. §§ 841 and 846 are unconstitutional (Issue Three)[8], that the Government committed "fraud on the court" regarding the passage of unconstitutional acts (Issue Four), and that this Court "never had Article III authority (Issue Six).

Not only does Petitioner fail to argue factual innocence, she offers no new, reliable factual evidence which might otherwise support a claim of actual innocence. In the context of overcoming a procedural default, a claim of actual innocence must include credible evidence, that is, "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995); *House v. Bell,* 126 S.Ct. 2064, 2077 (2006). Petitioner's burden is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find her guilty beyond a reasonable doubt. 126 S.Ct. at 2077. Assuming, without deciding, that a claim of actual innocence could

---

[7] In this Circuit, actual innocence is not a cognizable claim in non-capital habeas cases. *Jordan v. Secretary, Dept. of Corrections,* 485 F.3d 1351, 1356 (11th Cir. 2007)("For what it is worth, our precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases.").

[8] Petitioner was not charged with a narcotic offense. 21 U.S.C. §§ 841 and 846 therefore do not apply to her.

7

support equitable tolling, Petitioner has not satisfied the threshold of an actual innocence claim at the gateway stage discussed in *Schlup* and *House*.

Petitioner's contention that the district court lacked jurisdiction over her during her criminal prosecution is facially frivolous. The remaining issues Petitioner raises relating to jurisdiction are likewise frivolous. Because this Petition is clearly time barred, it is unnecessary to address the merits of any of the other claims Petitioner raises, including her claim of ineffective assistance of counsel

Accordingly, is hereby **ORDERED AND ADJUDGED**:

1) Petitioner's Habeas Corpus Petition Pursuant to the Original Habeas Corpus and Request for Dismissal of the Indictment and Conviction and Request for Declaratory Judgment (Dkt. 546), "as filed" is DISMISSED as this Court lacks subject matter jurisdiction.

2) Petitioner's Habeas Corpus Petition Pursuant to the Original Habeas Corpus and Request for Dismissal of the Indictment and Conviction and Request for Declaratory Judgment (Dkt. 546), *construed* as a § 2255 motion to vacate, is DISMISSED as time barred.

3) Petitioner's Motion to Respond to Original Habeas Corpus Dismissal of the Indictment and Conviction for Declaratory Relief (Dkt. 550) is DENIED.

**DONE AND ORDERED** in Tampa, Florida, this 4th day of February 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
*Pro Se* Petitioner
United States Attorney